**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-2059-JWB-GEB |
| ) | |
| ALLEN R. DAVISON, ) | |
| SHARON L. DAVISON, ) | |
| BALD TRUST, and ) | |
| SIX-D PARTNERSHIP LLP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants BALD Trust's and Six-D Partnership, LLP's Motion to Waive Pro Hac Requirements for Defendants **(ECF No. 10).** Defendants' BALD Trust and Six-D Partnership, LLP ("Six-D") (collectively the "Entities") ask the Court to, in essence, waive the pro hac vice requirements of this District by permitting Defendant Allen Davison, who is not licensed in the District of Kansas, to represent the Entities as their local counsel. Plaintiff, United States of America opposes the motion. Having reviewed the briefs of the parties, for the reasons set forth below, finding no injustice, emergency, or hardship exists, the Court will decline to waive the pro hac vice requirements, and finds, Defendants' motion is **DENIED.**

1

I.       **Background and Relevant Timeline of Events[1]**

In a Complaint filed on February 2, 2022, the United States of America brought this action against Allen Davison and Sharon Davison (collectively the "Davisons") to reduce certain federal taxes assessed against them to judgment, and to enforce federal tax liens against certain stock of E Energy Adams, LLC ("E Energy"). The Entities are included as parties because may claim interest in the stock of E Energy.

Defendants, jointly and pro se, filed an Answer and Counterclaim. The Answer and Counterclaim was signed by Allen Davison and Sharon Davison. But, it is unknown who signed the Answer and Counterclaim on behalf of the Entities as the "signature" was simply the written name of each entity. Because a corporation, other business entities, and artificial entities may appear in court only through licensed counsel;[2] trusts are artificial entities that exist independently of their trustees;[3] and a trustee that is not a licensed attorney cannot represent the trust;[4] the Answer and Counterclaim were docketed on behalf of the Davisons only. The Court entered an Order[5] setting a deadline of April 25, 2022 for the Entities to secure entry of appearance of counsel on their behalf and to file an answer or other responsive pleading.

---

[1] Unless otherwise indicated, the information recited is taken from the parties' pleadings (Pl.'s Compl., ECF No. 1; Defs.' Answer and Counterclaim, ECF No. 7) and the briefing regarding the instant motion (ECF Nos. 10 and 12). This background information should not be construed as judicial findings or factual determinations.
[2] *Tal v. Hogan,* 453 F.3d 1244, 1254, n.8 (10th Cir. 2006); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556-57 (10th Cir. 2001).
[3] *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019).
[4] *Id.*
[5] ECF No. 9.

On April 11, 2022, Allen Davison, an attorney licensed in Nebraska, contacted the Court Clerk's office, and sought to file an Entry of Appearance and an Answer on behalf of the Entities.[6] Mr. Davison had neither engaged local counsel as required, nor moved to be admitted to practice in the District of Kansas pro hac vice. Thus Mr. Davison's Entry of Appearance and the Entities' Answer were not filed,[7] and the Entities filed the current motion.

## II. Defendants BALD Trust's and Six-D Partnership, LLP's Motion to Waive Pro Hac Requirements for Defendants (ECF No. 10)

In the Entities' motion, they ask the Court to waive the pro hac vice requirements for Allen Davison, who has agreed to represent them pro bono. The United States opposes the waiver of the pro hac vice requirements.

### A. Discussion

#### 1. Requirements and Purpose of Pro Hac Vice Rules and the Court's Ability to Modify the Rules

D. Kan. R. 83.5.4 regulates the appearance of counsel who are not admitted to practice in the federal court. The requirements imposed on counsel appearing pro hac vice serve purposes important to the administration of justice. D. Kan. R. 83.5.4(c) requires all pleadings or other papers signed by an attorney admitted pro hac vice to also bear the signature of a "member of the bar of this court in good standing, who must **participate meaningfully in the preparation and trial of the proceedings**." Additionally, an attorney who applies for admission pro hac vice "consents to the exercise of disciplinary jurisdiction

---

[6] Communications from Court Clerk maintained in the Court's electronic file.
[7] *Id.*

3

by the court over any alleged misconduct that occurs during the process of the case" in which the admitted attorney participates.[8] The primary purpose of "Rule 83.5.4 is to provide a mechanism for insuring that attorneys practicing in this district are subject to the rules and discipline of the court."[9] The District requires counsel admitted pro hac vice engage local counsel because they are more familiar with the law of the District, both substantive and procedural, and are supposed to help out-of-state counsel comply with local law.[10]

In this instance, the Entities ask the Court to waive these requirements and allow Allen Davison, who is not licensed to practice in the State of Kansas or this District, to represent them without local counsel. Mr. Davison says he is "unwilling and lacks the ability to fund an additional pro hac vice attorney." D. Kan. R. 1.1 allows for the modification of the local rules, as necessary "in special cases" to "meet emergencies" or "avoid injustice or great hardship." The Entities have not presented any argument indicating the local rules requiring Mr. Davison to engage local counsel and apply for admission pro hac vice somehow create an injustice, emergency, or great hardship, such that waiver of those requirements should be granted.

Although Mr. Davison indicates he is unwilling and financially unable to engage local counsel to represent the Entities, waiver of the pro hac vice requirements is not the solution. The expense of engaging counsel is likely the reason most entities want to

---

[8] D. Kan. R. 83.5.4(d).
[9] *In re Schwarten*, 194 B.R. 239, 242-43 (D. Kan. Feb 28, 1996).
[10] *See Biocare Med. Techs., Inc. v. Khosrowshahi,* 181 F.R.D. 660, 669 (D. Kan. 1998).

represent themselves, but the law of the Tenth Circuit requires entities to be represented by licensed counsel.[11] The Entities in this case are not different from other entities who courts in this Circuit have required have counsel to represent them. With careful litigation strategies, Mr. Davison, should be able to work with local counsel who shall "participate meaningfully in the preparation and trial of the proceedings" as required, while at the same time minimize the expense to the Entities. The Entities situation as described herein presents neither an emergency nor a great hardship that creates a special situation for the Court to modify the long standing requirements of D. Kan. R. 83.5.4.

### 2.     Necessary Witness under KRPC 3.7

Mr. Davison, in the Entities' motion, also contends all Defendants agreed to waive any conflict of interest issues.  But, the United States alleges the Entities cannot waive the conflict of interest of having Mr. Davison, a co-Defendant, represent them where Davison is likely to be a necessary witness.  KRCP 3.7 is implicated. It states:

> "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness."

The District of Kansas follows the Kansas Rules of Professional Conduct ("KRPC"), as adopted and amended by the Kansas Supreme Court.[12] Although the rule

---

[11] See footnotes 2-4, *supra*.
[12] *American Plastic Equip., Inc. v. Toytrckerz, LLC,* No. 07-2253-DJW, 2009 WL 902424, at *6 (D. Kan. March 31, 2009); *see D. Kan. R. 83.6.1(a)* which provides "The Kansas Rules of Professional Conduct as adopted and amended by the Supreme Court of Kansas are adopted by this court as the applicable standards of professional conduct, except as otherwise provided by a specific rule of this court."

discourages a lawyer from representing a client in a matter in which the lawyer knows there is the potential to be a witness of any kind, caselaw has addressed stages within a legal proceeding, where it is permissible.

The Court recognizes this is not a motion for disqualification of Mr. Davison, however, the United States raises a potential issue regarding Mr. Davison's representation of the Entities. But as far as the court can tell, the United States has provided no information in support of its allegation that Mr. Davison is a potential witness. And, even if Mr. Davison was later found to be a necessary witness, it would not necessarily disqualify him from representing the Entities for *all* purposes.

While, KRPC 3.7, by its express terms, prohibits a lawyer from acting "as an advocate at trial in which the lawyer is likely to be a necessary witness," courts in this District have allowed lawyers, who will be a necessary witness at trial, to participate in pretrial proceedings including participation in non-evidentiary hearings, motion hearings, status conferences, settlement conferences, and the final pretrial conference, and allowed them to continue to sign and file pleadings with the court.[13] Because the Court does not have a clear picture in front of it at this time which would prohibit Mr. Davison from acting as pro hac vice counsel for the Entities, it will decline to determine any conflict such that KRPC 3.7 should bar Mr. Davison from representing the Entities.

---

[13] *American Plastic Equip.,* at *7; *see also Lowe v. Experian*, 328 F.Supp.2d 1122, 1127-28 (D. Kan. 2004).

### III. Conclusion

Therefore, for the reasons set forth above, BALD Trust's and Six-D Partnership, LLP's Motion to Waive Pro Hac Requirements for Defendants **(ECF No. 10)** is **DENIED as described herein**. Defendants BALD Trust and Six-D Partnership LLP shall secure entry of appearance local counsel on their behalf no later than May 31, 2022.

**IT IS SO ORDERED.**

Dated May 18, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U. S. Magistrate Judge
