IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No.  22-2059-JWB

ALLEN R. DAVISON, SHARON L. DAVISON,
BALD TRUST, and SIX-D PARTNERSHIP LLP,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on the United States' motion to dismiss counterclaim.  (Doc. 13.)  The motion has been fully briefed and is ripe for decision.  (Docs. 17, 18.)  The motion is GRANTED for the reasons stated herein.

**I.      Facts and Procedural History**

The United States brought this action pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce to judgment federal income taxes assessed against Defendants Allen Davison and Sharon Davison (Count I) and to enforce federal tax liens against certain stock or shares of E. Energy Adams, LLC (Count II).  Defendants BALD Trust and Six-D Partnership LLP were named in this action because they may claim an interest in the stock or shares of E. Energy Adams.  (Doc. 1 at 2.)

The Davisons filed federal income tax returns for tax years 2002, 2003, and 2007.  The Internal Revenue Service ("IRS") examined these returns and sent the Davisons notices of deficiency after determining that their federal income tax liabilities were underreported.  The Davisons then filed three separate actions challenging the proposed assessments for those tax years.  Ultimately, the Davisons entered into agreements with the Commissioner of the IRS

regarding the additional income tax and penalties owed for those years. The United States Tax Court entered orders in each of the cases filed by the Davisons pursuant to those agreements. (Doc. 1, Exhs. 1-3.) According to the allegations in the complaint, as of January 26, 2022, the Davisons still owe the following amounts on their tax liabilities: Tax Year 2002 - $30,460.78; Tax Year 2003 - $115,061.71; Tax Year 2007 - $181,019.91. (*Id.* at 4.)

Proceeding pro se, the Davisons filed an answer and asserted a counterclaim against the United States.[1] (Doc. 8.) The Davisons allege that the IRS, through a now retired "Appellate Conferee," entered into another settlement agreement regarding their tax liabilities and that the United States has failed to comply with that agreement. (*Id.* at 3.) The Davisons do not specifically state whether this alleged agreement is included in their hundreds of pages of exhibits, although there is a document contained in Exhibit 1 that appears to be a fax cover page referencing a "settlement proposal" but the entirety of that fax does not appear to be attached. (Doc. 8-1 at 82, 95; 8-3 at 87[2]; *see also* Doc. 13 at 3, n. 1.) They further allege in their counterclaim that the United States has been negligent in its administration of the tax laws by failing to process net operating loss carryback claims during certain tax years, by including unsupported entries on tax transcripts, ignoring tax law, utilizing overzealous collection practices which damaged Defendants' reputation, retaliation, and failing to apply the ten-year statute of limitation. (Doc. 8 at 3.) The Davisons seek to recover amounts that were garnished, levied, or seized by the United States. They also ask the court to order the United States to recompute the income tax, interest, and penalties. They also ask for compensatory and punitive damages and other relief. (*Id.* at 6.) The Davisons fail to identify any statutory authority for their counterclaim.

---

[1] According to the United States, Allen Davison is an attorney although he is not licensed in this court. There is no allegation that Sharon Davison is an attorney. (Doc. 13 at 4, n. 2, 4.) Under the circumstances, the court will construe the Davisons' filings liberally.
[2] The Davisons have included three copies of the same fax cover sheet in Exhibit 1.

The United States now moves for dismissal of the counterclaim on the basis that it is barred by sovereign immunity or, alternatively, fails to state a claim.

## II.    Standard

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.    Analysis

The Court has subject-matter jurisdiction over the United States' complaint pursuant to 26 U.S.C. § 7402, and 28 U.S.C. §§ 1340 and 1345 because this action arises under federal tax law, and the United States is the plaintiff. Even though this court has subject matter jurisdiction over

the United States' claims, the Davisons must establish that this court has subject matter jurisdiction over their counterclaim.   The "party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). This principle applies when a defendant in a suit regarding enforcement of the tax statutes attempts to assert a counterclaim against the United States. *See United States v. Wankel*, No. 11–2100, 2012 WL 1094831, *4 (10th Cir. Apr. 3, 2012); *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992) ("A taxpayer who wishes to challenge the activities of the IRS in sending a notice of deficiency or issuing a notice of assessment and demand for payment must bring suit under a statute that waives the sovereign immunity of the United States.")

In their counterclaim, the Davisons have failed to identify a statute that authorizes their counterclaim.   "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Any waiver of "sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).  In response to the motion, the Davisons state that their "counter claims in large part are not seeking damages in the traditional sense.  Rather the Defendants are seeking resolution of back taxes, interest, and penalties for tax years 2002, 2003, 2004, 2005, 2006[3], and 2007."  (Doc. 17 at 1.)  As noted by the United States, this statement and other arguments in their response suggest that the Davisons' counterclaim is essentially a defense to the United States' claims.

While the Davisons admit that their counterclaim may be "subject" to the United States' sovereign immunity, they do not directly address the arguments raised by the government nor do they identify a statute in which the United States has waived its sovereign immunity with respect to their counterclaim.  (*Id.* at 2.)  The Davisons do cite to two statutes which allegedly support

---

[3] Although the Davisons have included this tax year in their response to the United States' motion to dismiss, this tax year is not included in their allegations in support of their counterclaim.

their counterclaim: Internal Revenue Code ("IRC") Section 7402 and IRC Section 172.  Neither of these statutes waive the United States' sovereign immunity.  (Doc. 17 at 2.)  With respect to 26 U.S.C. § 7402, this statute confers jurisdiction upon the United States district courts, but it does not waive sovereign immunity for the United States.  *See* § 7402 (discussing the jurisdiction of the district court pertaining to actions filed by the United States).  With respect to 26 U.S.C. § 172, this statute sets forth how net operating loss deductions are taken with respect to computing taxable income.  It does not waive sovereign immunity for the United States.  The Davisons also generally assert that their counterclaim is supported by restricted interest rules, the economic reality doctrine, assignment of income, the statute of limitations, and responsible party rules.  (Doc. 17 at 3.)  The Davisons do not contend, nor could they, that these doctrines or principles waive sovereign immunity, and they have not identified a specific statute that does so.

Additionally, as pointed out by the United States, the doctrine of res judicata bars the Davisons from relitigating their tax liabilities for 2002, 2003, and 2007, because these years were already adjudicated in the United States Tax Court.  *United States v. Bryant*, 15 F.3d 756, 758 (8th Cir. 1994) ("The doctrine [of res judicata] applies, at least with respect to the tax years at issue, even though the Tax Court's final decision was entered pursuant to an agreement between the parties.") (citing *United States v. Int'l Bldg. Co.*, 345 U.S. 502, 505–06 (1953)).

The court finds that the Davisons have not met their burden to show that the United States has waived its sovereign immunity with respect to their counterclaim.  *See Bork v. Carroll*, 449 F. App'x 719, 721–22 (10th Cir. 2011) ("It is more than enough to say...that the sovereign immunity waiver arguments [the Davisons have] tried fail to carry the day.  It is, after all, the job of the courts only to pass on the theories asserting jurisdiction the litigants advance, not to conjure other possibilities besides.")

**IV.     Conclusion**

The United States' motion to dismiss (Doc. 13) is accordingly GRANTED.  The Davisons'

motion for declaratory judgment (Doc. 23) filed on July 21, 2022, is accordingly DISMISSED AS

MOOT.

IT IS SO ORDERED.  Dated this 22nd day of July 2022.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
