IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 22-2059-JWB

ALLEN R. DAVISON, SHARON L. DAVISON,
BALD TRUST, and SIX-D PARTNERSHIP LLP,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on the Davisons' motion for reconsideration. (Doc. 28.) The government opposes the motion (Doc. 29), and the matter is fully briefed (Doc. 32). The Davisons also filed an objection to the government's applications for clerk's entry of default against Defendants BALD Trust and Six-D Partnership LLP. (Doc. 25.) For the reasons stated herein, the Davisons' motion (Doc. 28) is DENIED, and their objection (Doc. 25) is OVERRULED.

    **I.**    **Background and Procedural History**

The United States brought this action pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce to judgment federal income taxes assessed against Defendants Allen Davison and Sharon Davison (Count I) and to enforce federal tax liens against certain stock or shares of E. Energy Adams, LLC (Count II). (Doc. 1.) Defendants BALD Trust and Six-D Partnership LLP were named in this action because they may claim an interest in the stock or shares of E. Energy Adams. (*Id.* at 2.)

The Davisons purported to assert a counterclaim against the government. (Doc. 8.) The government moved to dismiss the counterclaim for lack of subject matter jurisdiction because the

government did not waive its sovereign immunity. (Doc. 13.) The court granted the government's motion and dismissed the counterclaim. (Doc. 24.) The Davisons filed this motion to reconsider. (Doc. 28.)

The court ordered Defendants BALD Trust and Six-D Partnership LLP to obtain legal counsel (Doc. 14 at 7) and Defendants BALD Trust and Six-D Partnership LLP failed to do so. Accordingly, the government applied for a clerk's entry of default against the two entity defendants (Docs. 19, 20) and the clerk entered default against the two entity defendants on July 20, 2022 (Docs. 21, 22). After the defaults were entered, the Davisons filed an objection to default. (Doc. 25.)

**II.    Standard**

A motion to reconsider a dispositive order must be asserted pursuant to Fed. R. Civ. P. 59(e) or 60. *See* D. Kan. R. 7.3. The Davisons do not cite either rule in their motion. "Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc*., No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co*., 845 F.3d 997, 1004 (10th Cir. 2017)). A motion to reconsider a prior ruling "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted). It is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (quotation omitted).

2

Courts have the authority under Rule 60 to grant relief from a final judgment for several specific reasons. The court has authority to make corrections based on "a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). The court also has more general authority to provide relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Johnson v. Spencer*, 950 F.3d 680, 702 (10th Cir. 2020). However, relief granted under this part of the rule "is extraordinary and reserved for exceptional circumstances." *Johnson*, 950 F.3d at 702 (quotation omitted).

Because the Davisons are proceeding pro se, the court must liberally construe their pleadings. *Clark v. Lynch*, 213 F.Supp.3d 1347, 1349 (D. Kan. 2016). But the court will not act as an advocate. *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

**III.   Analysis**

**A.  Motion for Reconsideration (Doc. 28)**

The Davisons' motion is not a model of clarity, but they appear to request reconsideration of the court's order dismissing their counterclaim against the United States. (Doc. 28 at 3.) In their motion, the Davisons seem to address some of the merits of the case, including why they believe this lawsuit is improper and why they are entitled to defend themselves. (*Id.*) The government correctly notes that this motion should have been filed under Federal Rule 59(e) or 60. (Doc. 29 at 1–2.) The government further argues that even if the court considers this motion, the Davisons do not allege any reason which justifies relief. (*Id.* at 2.)

The court agrees with the government. The Davisons have not raised any basis in their motion which would justify relief. Additionally, the Davisons have not raised any statute which would confer subject matter jurisdiction on the court for their alleged counterclaim. The court denies the Davisons' motion for reconsideration. (Doc. 28.)

Because the Davisons appear concerned that they will not be able to defend themselves, the court takes this opportunity to note that the Davisons still have an opportunity to present defenses. A clerk's entry of default[1] has been entered against the entity Defendants, BALD Trust and Six-D Partnership LLP, but default judgment has not been entered against them, nor is default judgment likely to be entered at this stage of the proceedings. (Docs. 21, 22.) The claims against the Davisons individually have not yet been resolved, and the court's order dismissing their counterclaim does not preclude them from presenting any of their theories as potential defenses to the government's claims.[2]

### B. Objection (Doc. 25)

The Davisons filed an objection (Doc. 25) to the government's applications for clerk's entry of default against Defendants BALD Trust (Doc. 19) and Six-D Partnership LLP (Doc. 20). In this objection, the Davisons argue that the court should have allowed Allen Davison, pro se, to represent BALD Trust or otherwise should have assisted BALD Trust in locating free legal counsel. (Doc. 25 at 3–4.) The Davisons also argue that if the clerk's entries of default are entered (as they have been), the Davisons will suffer irreparable harm and prejudice to their case. (*Id.* at 7.)

These arguments were brought by the Davisons, pro se, and not by counsel for Defendants BALD Trust and Six-D Partnership LLP.[3] The Davisons cannot assert arguments for Defendants BALD Trust and Six-D Partnership LLP. *See Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir.

---

[1] Clerk's entry of default is merely a ministerial step that can be taken if the defendant has failed to answer or otherwise respond. Fed. R. Civ. P. 55(a). This is distinct from an entry of default judgment by the court, which is governed by Rule 55(b)(2).
[2] This conclusion does not prevent the government from attempting to eliminate any of those defenses at summary judgment or otherwise during the course of the litigation; instead, it merely clarifies that the court has not ruled in a manner that would eliminate any such defenses so far.
[3] Indeed, the reason default was entered against the two entity defendants was that the entity defendants failed to secure legal counsel, and legal entities cannot be represented pro se. (*See* Doc. 14.) The court strongly recommends that the entity defendants secure legal counsel to represent their interests.

2006); *see also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556–57 (10th Cir. 2001); *Galindro v. Digen Recovery Sys., LLC*, 2020 WL 8366292, at * 1 (D.N.M. Dec. 14, 2020) (slip copy) ("In the ordinary case, a party is denied standing to assert the right of third persons. . . . More particularly, a party does not have standing to move to vacate an entry of default against another party." (internal citations omitted)).  Accordingly, the court will not consider any arguments raised in this objection.[4]

### IV.     Conclusion

For the reasons stated, the Davisons' motion (Doc. 28) is DENIED and their objection (Doc. 25) is OVERRULED.

IT IS SO ORDERED this 29th day of November, 2022.

       s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[4] Notably, default was entered against the two entity defendants *before* the Davisons filed this objection. (Docs. 21, 22, 25.)